UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK E. McCULLOUGH, | ) | 3:09CV2261 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE KATHLEEN O'MALLEY |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| WARDEN,   Allen Corr. Inst., | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. J.

The petitioner Mark E. McCullough ("McCullough") has filed a petition for a

writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2007 conviction in the

Putnam County (Ohio) Court of Common Pleas for domestic violence.  (Doc. 1.)

In his petition, McCullough raises four grounds for relief:

1.  Petitioner was deprived of due process and effective counsel by
counsel stipulating to multiple essential elements of the charged
offense, thereby negating petitioner's not guilty plea.

2.  Petitioner's rights under the confrontation clause and to due process
of law were violated by the erroneous admission of hearsay testimony
at trial.

3.  Petitioner was deprived of effective counsel by the entry into
elemental stipulations, eviscerating the adversarial testing process,
violation of the Sixth and Fourteenth Amendments.

4.  Improper jury instructions deprived petitioner of a fair trial and due
process of law.

(Doc. 1, § 12.)

## I.  PROCEDURAL BACKGROUND

McCullough was indicted on one count of domestic violence, in violation of Ohio Rev. Code § 2919.25(A), (D)(40, a felony of the third degree. (Doc. 7, RX 1; State v. McCullough, No. 12-07-09, 2008 WL 2485366, at *1 (Ohio Ct. App. June 23, 2008).)  McCullough was found guilty after a jury trial, and the trial court sentenced him to a five-year prison term.  (Doc. 7, RX 8, at 6; McCullough, 2008 WL 2485366, at *3.

McCullough filed a timely direct appeal, and presented the following assignments of error:

> 1.  The stipulation entered into by the attorneys in the court was not properly agreed to by the defendant.
>
> 2.  Trial court erred in permitting critically damaging hearsay to be admitted.
>
> 3.  Defendant-appellant was denied right of competent and effective assistance of counsel.
>
> 4.  The trial court gave improper instructions as part of its charge to the jury.

(Doc. 7, RX 6.)

On June 23, 2008, the court of appeals affirmed McCullough's conviction. (Doc. 7, RX 8; McCullough, 2008 WL 2485366.)  McCullough failed to file a timely appeal to the Supreme Court of Ohio.

However, on Aug. 20, 2008, McCullough filed a motion for leave to file a delayed appeal.  (Doc. 7, RX 9-10.)  The court granted his motion for leave.  (Doc. 7, RX 11; State v. McCullough, 119 Ohio St.3d 1484, 894 N.E.2d 1242 (2008).)  McCullough then set forth the following propositions of law:

> 1. Stipulation entered by defense attorney with prosecution was done so without conferring with Appellant.
>
> 2. Trial court erred by allowing hearsay testimony thereby prejudice was inflicted upon Appellant.
>
> 3. Defendant-Appellant was deprived of effective assistance of counsel as counsel's deficient performance was below a reasonable standard.
>
> 4. Trial court's instructions to jury were improper and deprived Appellant of his due process of law rights under the Constitutions of the United States and Ohio.

(Doc. 7, RX 12.)

On Feb. 18, 2009, the state high court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 7, RX 13; State v. McCullough, 120 Ohio St.3d 1524, 901 N.E.2d 244 (2009).)

While his direct appeal was pending, McCullough filed an application for reopening, raising the following claims:

> 1. Appellate counsel was deficient in his performance when he failed to raise ineffective assistance of trial counsel.
>
> 2. Appellate counsel was deficient in his performance of representing Appellant McCullough falling well below the reasonable standard when counsel failed to [object? to] the imposition of maximum sentence.

3. Appellate counsel was ineffective when he failed to raise the ineffective assistance of trial counsel in regards to trial counsel failing to motion trial court to suppress evidence which was obtained through illegal search and seizure.

(Doc. 7, RX 14.)

The court of appeals denied his application to reopen on Sept. 17, 2008, and McCullough did not appeal this decision.  (Doc. 7, RX 15.)

Next, McCullough filed a petition for post-conviction relief pursuant to Ohio Rev. Code §§ 2953.21 and 2953.23, challenging his indictment with the following arguments:

1.  Does Colon case[1] ruling apply to instant case?

2.  If Colon case does apply, can Defendant seek legal relief?

3.  Is Criminal Rule 32.1 applicable legal relief for indictment lacking mens rea?

(Doc. 7, RX 16.)  The trial court denied the petition, noting that the indictment did contain the element of "knowingly."  (Doc. 7, RX 18.)

McCullough filed a timely petition for a writ of habeas corpus in this court.

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

---

[1] State v. Colon, 118 Ohio St.3d 26, 885 N.E.2d 917, 919 (2008) (concerned failure to charge mens rea in indictment).

4

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent argues that the second and fourth grounds of the petition are procedurally defaulted because they were not fairly presented to the state courts. (Doc. 7, at 8-14.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  The Sixth Circuit has stated:

6

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)). See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005). To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

The second ground of the petition alleges violations of the Confrontation Clause and to due process of law "by the erroneous admission of hearsay testimony." (Doc. 1, § 12.)

In his direct appeal, McCullough's second assignment of error was: "Trial court erred in permitting critically damaging hearsay to be admitted." (Doc. 7, RX 6, at 7.) McCullough did not raise the Confrontation Clause, or due process concerns. Instead, McCullough argued this claim as a violation of the rules of evidence, and did not rely on federal cases, or "state cases employing federal constitutional analysis." See generally doc. 7, RX 6, at 7-9. The state court of appeals therefore did not rule on any federal issue, but found that the testimony at

7

issue was properly admitted as a prior consistent statement.  (Doc. 7, RX 8, at 13;
McCullough, 2008 WL 2485366, at *6.)  The second ground was not fairly presented
to the state courts as a federal constitutional issue.

The fourth ground of the petition alleges that the trial court's "improper jury
instructions deprived petitioner of a fair trial and due process of law."  (Doc. 1, § 12.)

In his direct appeal, McCullough's fourth assignment of error was:  "The trial
court gave improper instructions as part of its charge to the jury."  (Doc. 7, RX 6, at
12.)  McCullough did not raise due process concerns.  Instead, McCullough argued
that the evidence in the case did not support the particular jury instruction (on
consciousness of guilt) given by the trial court.  Id.  Again, the state court of appeals
did not address any federal issue, but found that the trial court's instruction was
proper, and well-supported by the evidence.  (Doc. 7, RX 8, at 19; McCullough, 2008
WL 2485366, at *8.)  The fourth ground was not fairly presented to the state courts
as a federal constitutional issue.

The second and fourth grounds of the petition are procedurally defaulted
because they were not fairly presented to the state courts as federal constitutional
issues.

## IV.  DUE PROCESS

The first ground of the petition is that McCullough "was deprived of due process and effective counsel by counsel stipulating to multiple essential elements of the charged offense, thereby negating petitioner's not guilty plea." (Doc. 1, § 12.)

As to the due process claim, the court notes that, once again, McCullough did not explicitly rely on federal cases, or state cases employing federal constitutional analysis, on direct appeal.  See generally doc. 7, RX 6, at 5-6.

On appeal, McCullough argued that, although the stipulation was agreed to by counsel in open court, he was not asked if he was agreeable to the stipulation. Because the stipulation concerned an essential element of the case, McCullough argued that this was error which should have led to a retrial.  (Doc. 7, RX 6, at 5-6.)

The state court of appeals addressed this issue, in part, as follows:

> In his first assignment of error, McCullough claims that he did not agree to the stipulation of prior convictions his attorney entered on his behalf.  Specifically, McCullough argues that the stipulation to his prior conviction was entered without his knowledge or consent.

> McCullough was convicted of domestic violence in violation of R.C. 2919.25(A), (D)(4).

> * * * * *

>  In order to prove McCullough's guilt of domestic violence as a felony of the third degree, the State was required to prove his two prior convictions.

> * * * * *

> In the present case, the State was not required to meet the requirements of R.C. 2945.75(B)(1) because prior to trial, McCullough

9

entered into a stipulation concerning his prior convictions.  On May 3, 2007 a stipulation was filed with the trial court stating as follows:

> 1. Defendant was previously convicted of Domestic Violence, in violation of Ohio Revised Code Section 2919.25(A), in Putman County Court, case number 90CRB00171-1, and was represented by Attorney Michael O'Malley.

> 2. Defendant was previously convicted of Abduction, in violation of Ohio Revised Code Section 2905.02(A)(1), in Putnam County Common Pleas Court case number 99-CRI-41, and was represented by Attorney Gregory Novak.  Defendant's conviction of the offense of Abduction was an offense of violence against a family or household member.

The trial court read this stipulation, verbatim, to the jury at the beginning of trial.  Moreover, in reading this stipulation, the trial court gave the jury a cautionary instruction that they may not consider the evidence of prior convictions to prove McCullough's character.  A similar limiting instruction was included in the trial court's final jury instructions.

The crux of McCullough's argument in this case is that he, as the defendant, had no knowledge of this stipulation.  However, the May 3, 2007 stipulation was signed by McCullough, his attorney, and the prosecuting attorney.  McCullough goes so far in his brief as to assert that this stipulation was a "decision made in chambers and acknowledged in the courtroom by the respective counsel." (Appellant's Brief 6).  This Court cannot help but find that the May 3, 2007 stipulation, signed by McCullough, directly contradicts this assertion.

(Doc. 7, RX 8, at 7-9; McCullough, 2008 WL 2485366, at *3-*5.)

The respondent has provided a copy of the stipulation which was signed by

McCullough.  (Doc. 7, RX 22.)  The Supreme Court of Ohio has found that a

stipulation of facts, agreed to by both parties, is admissible evidence, which is

binding and enforceable against the accused.  State v. Turner, 105 Ohio St.3d 331,

336-337, 826 N.E.2d 266, 274-275 (2005).  That court has also recognized that "stipulations to prior convictions are widely recognized as a practice which benefits defendants by precluding the State from introducing evidence as to the details of the prior convictions."  State v. Adams, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361, 1363 (1988) (quoting lower court, State v. Adams, No. CA-7075, 1987 WL 13478, at *1 (Ohio Ct. App. June 22, 1987)).

McCullough does not identify any authority which would indicate that the state court decision concerning the stipulation was contrary to, or involved an unreasonable application of  clearly established federal law, as determined by the Supreme Court of the United States.


## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

The first ground of the petition also involves an allegation of ineffective assistance of counsel, as does the related claim in the third ground:  "Petitioner was deprived of effective counsel by the entry into elemental stipulations, eviscerating the adversarial testing process, violation of the Sixth and Fourteenth Amendments."  (Doc. 1, § 12.)

On appeal, McCullough raised ineffective assistance of counsel in his third assignment of error.  (Doc. 7, RX 6, at 10-11.)  He argued that, although counsel did object to some hearsay testimony, "there was also a great deal that was not objected to that was allowed to come in."  Id. at 10.  He also claims that "there is nothing in

11

the record" to indicate that he gave counsel the right to make the stipulation as to

prior acts.  Id.  In addition, McCullough disagreed with counsel's decision not to

offer McCullough himself as a witness in his own defense.  Id.  McCullough also

raised the absence of a plea bargain.  Id. at 11.

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is

the right to effective assistance of counsel."  Joshua v. DeWitt, 341 F.3d 430, 437

(6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).

The Sixth Circuit discussed the standard for ineffective assistance of counsel in

Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the
> defendant must show that his counsel's performance fell below an
> objective standard of reasonableness and that his counsel's errors were
> so serious as to prejudice the defendant.  Review of counsel's
> performance is highly deferential and requires that courts "indulge a
> strong presumption that counsel's conduct falls within a wide range of
> reasonable professional assistance."  To establish prejudice, the
> defendant "must show that there is a reasonable probability that, but
> for counsel's unprofessional errors, the result of the proceeding would
> have been different.  A reasonable probability is a probability sufficient
> to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).

See generally Bobby v. Van Hook, 130 S.Ct. 13, 17 (Nov. 9, 2009) ("Constitution

imposes one general requirement:  that counsel make objectively reasonable

choices"); Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).

In the habeas context, this court considers petitioner's claim "within the more

limited assessment of whether the state court's application of Strickland to the facts

of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

Here, the state court correctly identified the proper Constitutional standard for evaluating a Sixth Amendment claim alleging ineffective assistance of counsel. (Doc. 7, RX 8, at 13-14; McCullough, 2008 WL 2485366, at *6, citing Strickland v. Washington.)  Thus, this court may grant the writ if the state court unreasonably applied Strickland  to McCullough's case; in other words, to grant habeas relief, this court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

The state court of appeals ruled on this assignment of error as follows:

> First, McCullough argues that trial counsel was ineffective for failing to object to Knapp's testimony at trial, which he claims was hearsay. However, as already discussed in the second assignment of error, Knapp's testimony was offered to rebut McCullough's charge that Kistler fabricated the domestic violence accusation, and was properly admitted as a prior consistent statement.  Moreover, we note that trial counsel objected numerous times to Knapp's testimony as hearsay. Accordingly, McCullough has failed to demonstrate a reasonable probability that, had trial counsel objected to Knapp's testimony, the outcome of the proceeding would have been different.  Thus, trial counsel was not ineffective for failing to object to hearsay testimony at trial.
>
> Second, McCullough argues that his counsel was ineffective for entering into a stipulation on his behalf.  In our disposition of McCullough's first assignment of error, we found that the stipulation to the prior convictions was validly entered, bearing the signatures of counsel, as well as McCullough's own signature.
>
> Thus, trial counsel's performance cannot be said to have fallen below objective standards of reasonable representation.  Additionally, the stipulations appear to have been sound trial strategy.  As the Supreme

Court of Ohio has stated, "[t]he practice of stipulating a prior conviction generally runs to the benefit of the defendant[.]" State v. Adams (1988), 37 Ohio St.3d 295, 297.  Further, although McCullough contends that he was not counseled on the stipulation and did not agree to it, the record reflects that McCullough signed the "Stipulation of Facts" which stipulated to his prior offenses.  Therefore, we cannot find that McCullough's counsel was ineffective for entering into the stipulations.

Third, McCullough argues that his counsel was ineffective for failing to present an adequate defense on his behalf.  However, "[t]he decision whether to call a witness is 'within the rubric of trial strategy and will not be second-guessed by a reviewing court.' " In re Walker (Dec. 12, 2005), 3d Dist. Nos. 5-05-22 & 5-05-23, ¶ 14, quoting State v. Williams, 99 Ohio St.3d 493, 2003-Ohio-4396.  Here, the record provides no evidence supporting a claim that declining to call witnesses was not sound trial strategy.  See State v. Martin, 2d Dist. No. 20610, 2005-Ohio-1369, ¶ 19.  Additionally, McCullough presents no proposals as to any exhibits that may have been presented on his behalf and no potential exhibits are apparent from the record.  See State v. Bowens (Aug. 9, 1991), 11th Dist. No. 89-A-1463.  Moreover, even if trial counsel had erred in declining to present witnesses or exhibits, McCullough has failed to show a reasonable probability that the outcome of his trial would have been different. Therefore, trial counsel was not ineffective for failing to present an adequate defense.

Finally, McCullough contends that trial counsel was ineffective for failing to negotiate a plea bargain on his behalf.  However, there is no constitutional right to a plea bargain. State v. Williams (1993), 89 Ohio App.3d 288, 294.  Further, nothing in the record indicates that the State would have considered plea bargain negotiations or that such was offered or rejected.  See State v. Taylor, 3d Dist. No. 1-03-20, 2003-Ohio-7115, ¶ 46.  Therefore, trial counsel was not ineffective for failing to negotiate a plea bargain.

(Doc. 7, RX 8, at 14-17; McCullough, 2008 WL 2485366, at *7.)

The court finds that the state court's determination that counsel was not constitutionally ineffective was not an unreasonable finding.  Reviewing the state court's decision in light of the arguments presented by the parties, this court cannot

14

find that the state court's ruling that McCullough's trial counsel's performance was not constitutionally ineffective is an objectively unreasonable application of federal law.  The petition should not be granted on the basis of ineffective assistance of counsel.

## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.

The second and fourth grounds of the petition are procedurally defaulted because they were not fairly presented to the state courts as federal constitutional issues.  As to the first and third grounds, McCullough has failed to demonstrate that the state court decisions on those issues were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

15

RECOMMENDATION

The petition for a writ of habeas corpus should be DENIED.


Dated:  ___Jan. 6, 2011____          ___/s/ Kenneth S. McHargh_____
                                     Kenneth S. McHargh
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).