# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARK E. McCULLOUGH,** ) | **CASE NO. 3:09 CV 2261** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **WARDEN, Allen Corr. Inst.,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kenneth S. McHargh ("R & R"). (**Doc. #: 9.**) Therein, the Magistrate Judge recommends that the Court deny Petitioner Mark E. McCullough's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "2254 Petition"). (**Doc. #: 1.**) McCullough is presently serving a five-year sentence for his 2008 jury conviction for domestic violence.

In the § 2254 Petition, McCullough raises four grounds for relief: (1) deprivation of due process and effective assistance of counsel due to his stipulation to the prior-conviction element of his charge; (2) violation of due process and the confrontation clause due to the admission of hearsay testimony at trial; (3) ineffective assistance of counsel due to the stipulation to prior convictions; and (4) deprivation of a fair trial and due process due to improper jury instructions.

The Magistrate Judge recommends that the Court deny the § 2254 Petition because McCullough has failed to fairly present to the state courts the federal constitutional issues he now raises in the Second and Fourth Grounds for Relief, and he has failed to demonstrate that the state court decisions as to the First and Third Grounds for Relief were contrary to, or

involved the unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. (Doc #: 9.) The Magistrate Judge issued his R & R on January 6, 2011, at the conclusion of which he stated:

> ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

(Id. at 16.)

In lieu of filing objections to the R&R within fourteen days as directed by the Magistrate Judge, McCullough filed, on January 24, 2011, a notice of appeal in the Sixth Circuit Court of Appeals, stating in pertinent part:

> I WOULD LIKE TO APPEAL MY CASE #3:09 CV 2261, AND WOULD ALSO LIKE TO REQUEST AN ATTORNEY TO REPRESENT ME. I AM INCARCERATED, INDIGENT, AND I DO NOT HAVE THE KNOWLEDGE AND EXPERTISE TO CONTINUE THIS PRO SE. PLEASE CONSIDER THIS FOR ME.

(Doc #: 10 at 1.) The Sixth Circuit forwarded McCullough's notice of appeal to the district court where notices of appeal are required to be filed. The appeal is premature as no final order from which an appeal can be taken has as yet been issued in this case. Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (2009).

To the extent that McCullough's "appeal" can be interpreted as a motion for appointment of counsel in the district court, it is denied as untimely since it was filed in the wrong court four

days after the deadline for filing objections. Even if the motion had been timely filed, the Court would deny it. Under 18 U.S.C. § 3006A(2)(B), "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under . . . section 2254 of title 28." Moreover,

> Federal courts generally have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases. James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure*, § 12.3b (3d ed. 1998). A district court does not abuse its discretion, by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994); *Reese v. Vulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

*Camacho v. U.S.*, Nos. 4:10 CV 1650, 4:07 CR 603, 2010 WL 4365479, at *2 (N.D. Ohio Oct. 28, 2010). The Court has reviewed McCullough's pleadings which are sufficiently clear and coherently organized that the Court can see no difficulty in weighing the merits of his § 2254 Petition. His case does not turn on substantial and complex procedural, legal or mixed legal and factual questions. Nor is his case factually complex or likely to require the assistance of experts. Indeed, other than "lack of knowledge and expertise," McCullough does not state a single discrete reason warranting the appointment of counsel in this case. Thus, there is no basis upon which to appoint counsel for him.

To the extent that the Court interprets McCullough's appeal to be an objection, it is overruled. Under 28 U.S.C. § 636(b)(1) (2009),

-3-

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

Id. Thus, objections to R & Rs must be not only timely, but also sufficiently specific so that the Court can determine which part(s) of the R & R upon which it must conduct *de novo* review. Here, McCullough's "appeal" it not only untimely, it fails to identify any part of the R & R he finds objectionable. Because the objection is both untimely and generalized, it is overruled.

More importantly, the Court has reviewed the entire record and cannot imagine any argument McCullough or appointed counsel can make that will fairly challenge the Magistrate Judge's thorough, well-written analysis of the claims. The record is clear that McCullough did not raise his Second and Fourth Grounds for Relief as constitutional questions to the state courts. Furthermore, the state courts adequately addressed the ineffective assistance and due process claims asserted in his First and Third Grounds for Relief in connection with the stipulations he signed regarding his prior convictions.

For all these reasons, the Court **OVERRULES** McCullough's untimely and generalized objection (**Doc #: 10**); **ADOPTS** the R & R (**Doc #: 9**), and **DENIES** the 2254 Petition (**Doc #: 1**).

      **IT IS SO ORDERED.**

      */s/ Dan Aaron Polster     February 7, 2011*
      **Dan Aaron Polster**
      **United States District Judge**